1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| WILLIAM ROBERT HUSTON, ) | |
| ) | Case No. A05-201 CV (TMB) |
| Plaintiff, ) | |
| v. ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| UBS FINANCIAL SERVICES, INC., and ) | |
| its predecessors PAINE WEBBER, INC., ) | |
| and UBS PAINEWEBBER, INC., and their ) | |
| successor entities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO THE CLERK: The Clerk of this Court is directed to enter the following Protective Order effective as of the date signed below.

THIS MATTER, having come on regularly before the court on the parties' Stipulated Motion for Protective Order and the court, having reviewed the parties' motion and finding good cause to enter a protective order in this matter, hereby **ORDERS** that the provisions below shall control the designation and handling of confidential documents and other information produced during the discovery of this litigation.

STIPULATED ROTECTIVE ORDER - 1
Case No. A05-201 CV (TMB)

The parties, by and through their respective counsel of record, have stipulated that certain documents produced in this litigation contain information which is considered confidential. To protect these documents, the Court has **ORDERED** the following Protective Order:

The parties are engaging in discovery with the goal of facilitating settlement discussions. UBS, by engaging in such discovery, does not waive and preserves all rights to compel arbitration in this matter. Plaintiff acknowledges UBS's right to file a motion to compel arbitration and acknowledges that UBS has not waived any rights by engaging in discovery.

**1. Scope and Purpose of this Order:** This Protective Order shall govern the designation and handling of protected documents produced by any party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature.

**2. Standard for Protected Documents:** Any person who is required to produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal, medical, or financial information; or (b) information subject to a legally protected right of privacy.

**3. Protected Documents:** Protected document(s) are those documents marked "CONFIDENTIAL" by any party. These documents, referred to hereinafter as "protected

STIPULATED ROTECTIVE ORDER - 2
Case No. A05-201 CV (TMB)

documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.

**4.     Designating Protected Documents:**

**a.     Marking Protected Documents:** Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

**b.     Designating Deposition Testimony:** Any party or non-party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter.

**c.     Subsequent Designation:** A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by any party as confidential. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked as "CONFIDENTIAL." No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

**5.     Maintaining Designated Protected Documents:** Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

**6.     Disclosure of Protected Documents:**

a.     Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

b.     The parties' counsel shall require all persons, except those referred to in paragraph 6(c), before being given access to any protected document, to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

c.     Protected documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

(1)     Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

(2)     Any copying services hired by counsel to copy documents in bulk;

(3)     The court or any court personnel subject to the limitations of paragraph 7 relating to filing of protected documents;

(4)     Any person testifying or attending a deposition;

(5)     Any person identified as having authored or having previously received the protected document(s);

(6)     The parties and their client representatives, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation; and

(7)     Former employees or agents.

STIPULATED ROTECTIVE ORDER - 4
Case No. A05-201 CV (TMB)

    d. This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure.

**7. Filing of Protected Documents:**

  **a. Filing under Seal:** Documents that are (1) marked as CONFIDENTIAL pursuant to this Protective Order and (2) filed under seal contain confidential and private information that should not be disclosed to the public. The privacy interests are compelling enough to overcome the presumption in favor of public access. The filing party will comply with the local rules. The party filing such CONFIDENTIAL materials and/or transcripts of deposition testimony under seal shall, pursuant to the local rules, make the appropriate designations to the Clerk of the Court. The parties recognize that pleadings may also need to be sealed if they reference or discuss CONFIDENTIAL materials or transcripts of deposition testimony. The parties shall take all appropriate steps to protect the confidentiality of such information referenced in the pleadings.

  **b. Failure to File under Seal:** If the filing party fails to file protected documents or information under seal, the producing party or any party claiming confidentiality can write to the filing party requesting that counsel take immediate steps to place the protected document or information under seal. If the filing party fails to take corrective action within three days of notification, the producing party may move the Court to request that the court place the protected documents or information under seal. If the filing party was given proper notice, failed to take corrective action, and the producing party successfully intervenes to place the protected documents or information under seal, that producing party will be entitled to the costs of the motion.

STIPULATED ROTECTIVE ORDER - 5
Case No. A05-201 CV (TMB)

   **c.** **Consent to File—Documents Not Filed Under Seal:** Any party may file documents marked CONFIDENTIAL with the court without filing those documents under seal provided that the party provides prior written notice two days before filing such documents.

  **8.** **Producing Party's Use of Protected Documents:** Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

  **9.** **Inadvertent Disclosure:** Any party inadvertently producing a privileged or work product document may, upon discovery of such inadvertent production, request return of the document. The document must then be returned to the producing party, subject to the right of any other party to contest the assertion of any attorney-client or work product designation by appropriate motion to the Court.

  **10.** **Disputes as to Confidentiality Designation:**

   **a.** **Meet and Confer Requirement:** If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring.

   **b.** **Protective Order:** If the dispute is not resolved through the meet-and-confer process within 15 days of notification of the receiving party's disagreement with the designation, the producing party will have 30 days to move the court for protection under the Federal Rules of Civil Procedure. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the Court either at one time or in as efficient a manner as possible. Further, a party may challenge the designation of a confidential document at a later time if the reason for the designation changes.

STIPULATED ROTECTIVE ORDER - 6
Case No. A05-201 CV (TMB)

  **c.** **Status Pending Resolution of Dispute:**  Any disputed document or other material must be treated as a protected document under this Protective Order until entry of a court order ruling otherwise.

**11.** **Rights of Parties:**  This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

**12.** **Documents for Trial:**  After the pretrial conference, the parties must meet and confer to (a) reach an agreement as to the confidentiality of information to be used at trial, and (b) designate documents as trial exhibits.  If necessary, the parties will also develop a method, subject to court approval, for maintaining the confidentiality of such information and documents at trial.  At the producing party's request, any document previously designated confidential must be used at trial only in a clean or redacted copy without any such designation.

**13.** **Upon Case Completion:**  When this action, including entry of judgment or appeal, concludes and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment, including pleadings, motion papers, legal memorandum, correspondence and other attorney work product incorporating confidential information.  If such a request is made in writing, the recipient of the request will have 60 days in which to (a) return the documents, (b) destroy the documents, or (c) file a motion with the Court seeking an order upon good cause shown that documents should not be destroyed or returned.  Even if there is no request to return the documents

STIPULATED ROTECTIVE ORDER - 7
Case No. A05-201 CV (TMB)

within the 60 days, the protected documents are still subject to the Protective Order with special attention to paragraph 1.

**14.    Commencement:**  The parties have agreed that this order shall apply on the date the Motion for Stipulated Protective Order is filed with this Court.

STIPULATED ROTECTIVE ORDER - 8
Case No. A05-201 CV (TMB)

**Exhibit A**

I, _____, certify that I have received and read a copy of the Protective Order in *William Robert Huston v. UBS Financial Services, Inc., et al.,* Case No.: A05-201 CV (TMB).  I agree to be bound by it.  I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Protective Order and then only for the prosecution and defense of this litigation.

Dated this ___ day of _____, in _____, _____.

_____
Name (Signature)

_____
Name (Printed)

_____
_____
Address

STIPULATED ROTECTIVE ORDER - 9
Case No. A05-201 CV (TMB)

**ORDER**

Based upon the foregoing stipulation of the parties, it is hereby **ORDERED** that the provisions of the attached Stipulated Protective Order are hereby **GRANTED**.

DATED this 16th day of October, 2006.

s/ Timothy M. Burgess  
HONORABLE TIMOTHY M. BURGESS  
UNITED STATES DISTRICT JUDGE

STIPULATED ROTECTIVE ORDER - 10
Case No. A05-201 CV (TMB)